## Carroll v. Commonwealth.

(Decided November 11, 1927.)

### Appeal from Carter Circuit Court.

Criminal Law.—In prosecution for seduction of woman under 21 years of age, in which defendant admitted having had sexual intercourse, but denied promise of marriage, evidence of sexual intercourse after defendant was forced to marry prosecutrix was irrelevant to establish promise to marry, and its admission was not prejudicial to defendant.

JOHN M. THEOBALD for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Clay—Affirming.

Appellant was convicted of the crime of seduction and his punishment fixed at five years' imprisonment in the state penitentiary.

The prosecuting witness testified that in December, 1922, when she was 19 years of age, appellant commenced to keep company with her. Thereafter he came to see her every Sunday night, and sometimes on Saturday night, for a period of about two months. On the last Saturday night in February, 1923, appellant had carnal, sexual intercourse with her, and on several occasions thereafter, the last time being on the first Saturday night in September, 1923. On May 5, 1924, she gave birth to a child which died within a short time thereafter. She permitted the intercourse under a promise of marriage. Appellant refused to marry her, and her father compelled him to do so. After the marriage, appellant lived with her only two days and sent her back home. After being accused of the crime, appellant left the country and was brought back on requisition. After being forced to marry her, appellant refused and declined to live with her. In addition to the foregoing, the witness was permitted to testify as follows, over the objection of appellant:

"Q. After you were married to him, did he have intercourse with you? A. Yes, sir; two nights."

On the other hand, appellant testified that he was 24 years of age. He knew the prosecuting witness and went with her for a short time in the year 1923. On the occasion of his visits, he did have carnal, sexual intercourse with her, but never at any time promised to marry her. When accused of the crime, he left the state and was brought back on requisition. A short time after the continuance of the case at the April term, 1926, the father of the prosecuting witness came to his house, and at the point of a pistol compelled him to procure a marriage license and marry the prosecuting witness. The marriage was against his will and consent, and was procured by force. As he had been forced to marry the prosecuting witness and did not love her, he sent her back to her father's home after she had remained with him two or three days. On cross-examination and over his objec-

tion, appellant was also required to testify that he had intercourse with his wife during the two days that she remained at his home.

The only ground urged for reversal is the alleged error of the court in admitting evidence of intercourse after the marriage. As the prosecuting witness was under 21 years of age, and the intercourse was admitted by appellant, the only issue in the case was whether the prosecuting witness yielded under a promise of marriage. Acts of intercourse after the marriage did not tend in the least to establish the promise, and were therefore wholly irrelevant. Being irrelevant, immaterial, and without probative value one way or the other, we are inclined to the view that the evidence complained of played no part in the conclusion reached by the jury, and that its admission was not prejudicial to appellant's substantial rights.

Judgment affirmed.